**EXHIBIT A
PLAINTIFFS' PETITION**

IN THE IOWA DISTRICT COURT IN AND FOR WARREN COUNTY

| | |
|---|---|
| JEFFORY DWAYNE HOWARD and LESA HOPE HOWARD, <br><br> Petitioners, <br><br> v. <br><br> DS CORP., an Indiana Corporation, dba CROSSROADS RV, <br><br> Defendant. | Case No. _____ <br><br><br> PETITION AT LAW |

For their Petition against Defendant DS Corp. ("Defendant"), Petitioners Jeffory Dwayne Howard and Lesa Hope Howard state:

## Parties, Venue and Jurisdiction

1. Petitioners Jeffory Dwayne Howard and Lesa Hope Howard (collectively, "Petitioners") are a married couple residing in St. Charles, Iowa.

2. On information and belief, Defendant DS Corp. is an Indiana for-profit corporation doing business under the name "Crossroads RV" and/or "Crossroads Recreational Vehicles."

3. Venue is proper in the Iowa District Court in and for Warren County, Iowa, because the underlying transaction occurred in Warren County.

4. This Court has jurisdiction over the Defendant pursuant to Iowa Code Section 617.3(2) because Defendant is a foreign corporation that made a contract

with an Iowa resident to be performed in whole or in part in Iowa.

## Factual Background

5. Defendant manufactures recreational vehicles under the business name "Crossroads RV."

6. On information and belief, Defendant sells its recreational vehicles through local dealerships, including "Goodlife RV," *fka* "Diamond Trail RV" in Bevington, Warren County, Iowa.

7. On May 31, 2013, Petitioners purchased, through the Diamond Trail RV dealership, a new "Elevation" recreational vehicle manufactured by Defendant (the "Elevation").

8. Petitioners' purchase of the Elevation was made in reliance upon a written warranty provided to Petitioners from Defendant at the time of the Elevation's purchase (the "Warranty").

9. The Warranty states that "CrossRoads RV (hereinafter "CrossRoads" warrants for a period of one (1) year from the date of purchase that the recreational vehicle manufactured and assembled by CrossRoads shall be free from defects in materials and workmanship supplied and attributable to CrossRoads."

10. Almost immediately upon its purchase, the Elevation demonstrated defects in materials and workmanship that required significant and time-consuming repairs.

11. Petitioners requested that Defendant, independently and/or through its dealership, perform the necessary repairs to the Elevation.

12. When the initial repairs allegedly performed by Defendant failed to resolve the defects in materials and workmanship present in the Elevation, Petitioners again requested that Defendant perform additional repairs to address the defects in materials and workmanship present in the Elevation.

13. Despite providing Defendant with numerous opportunities to take possession of the Elevation to identify the causes of the defects in materials and workmanship and to correct the same, Defendant has utterly failed to repair and correct those defects.

14. On information and belief, the Elevation is defective beyond repair.

15. To date, Petitioners have been deprived of the use of the Elevation for more than eighteen of the twenty-three months they have owned the Elevation while Defendant has attempted to repair its defects.

16. Despite being deprived of the use of the Elevation while Defendant attempted in vain to repair it, Petitioners have made all required payments on the Elevation in addition to the substantial down payment made at the time of its purchase.

## COUNT I
**Breach of Warranty**

17. Petitioners restate the allegations of Paragraphs 1 through 16 of this Petition as fully stated herein.

18. Defendant provided the Warranty to Petitioners, which warranted that the Elevation would be "free from defects in materials and workmanship supplied and attributable to CrossRoads."

19. Within the warranty period, Petitioners identified to Defendant substantial defects in the materials and workmanship used in the construction of the Elevation, which, as a new vehicle, are clearly attributable to Defendant.

19. The Elevation remains substantially defective despite repeated attempts to repair it.

20. Defendant's breach of the Warranty has caused Petitioners to suffer substantial damages in an amount to be calculated at trial.

WHEREFORE, Petitioners respectfully request that the Court enter judgment in their favor and against Defendant and award Petitioners the damages proximately caused by Defendant's breach of its express warranty, including attorneys' fees, the costs of this action, and for such other damages as the Court deems appropriate.

## COUNT II
## Alternatively, Rescission

21. Petitioners restate the allegations of Paragraphs 1 through 16 of this Petition as if fully stated herein.

22. Defendant substantially and materially breached the Warranty by failing to repair the numerous defects that Petitioners and Defendant identified in the materials and workmanship attributable to Defendant related to the Elevation.

23. The parties may be returned to the condition they occupied prior to Petitioners' purchase of the Elevation if Petitioners return the Elevation to Defendant and Defendant returns all compensation paid by Petitioners to purchase the Elevation.

24. Petitioners have offered to tender the Elevation to Defendant on these terms, and Petitioners remain willing to tender the Elevation to Defendant on these terms to return the parties to their pre-purchase status.

25. Equity demands that the purchase contract be rescinded as a result of Defendant's substantial and material breach.

WHEREFORE, Petitioners respectfully request that the Court enter an Order demanding that the purchase of the Elevation be rescinded and for such other relief as deemed appropriate by the Court.

/s/ Philip S. Bubb
Philip S. Bubb, AT0011636
FREDRIKSON & BYRON, P.A.
309 East Fifth Street, Suite 202A
Des Moines, Iowa 50309
Telephone: (515) 242-8900
FAX: (515) 242-8950
pbubb@fredlaw.com

*Attorney for Petitioners*